UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Vishal Vishal
(A-Number: 245-231-852),

Petitioner,

v.

Sergio Albarran, Field Office Director of
Enforcement and Removal Operations, ERO
San Francisco Field Office, Immigration and
Customs Enforcement; Kristi Noem,
Secretary, U.S. Department of Homeland
Security; Todd M. Lyons, Acting Director of
the United States Immigration and Customs
Enforcement; Pamela Bondi, U.S. Attorney
General; Executive Office for Immigration
Review; Tonya Andrews, Facility
Administrator, Golden State Annex
Detention Facility,

Respondents.

No.  1:26-cv-02361-KES-EPG

ORDER GRANTING PETITION FOR WRIT
OF HABEAS CORPUS AND REQUIRING
BOND HEARING WITHIN FOURTEEN (14)
DAYS

Doc. 1

Petitioner Vishal Vishal is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order.  Docs. 1, 2.  The Court has previously addressed the legal issues raised by claim two of the petition—that the Due Process Clause requires a bond hearing when a noncitizen has previously been released pursuant to 8 U.S.C. § 1226(a) and is then re-detained on the ground that he is subject to mandatory detention under 8 U.S.C. § 1225(b).  *See, e.g.*, *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-

1

SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025). The Court set a briefing schedule on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition.  Doc. 7.

Respondents argue that this case is distinct from the Court's prior decisions.  They contend that, in addition to 8 U.S.C. § 1225(b), petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c)(1)(E) because petitioner was arrested for various felonies, including an offense involving serious bodily injury.[1]  Doc. 9 at 1–2.  Petitioner's verified petition alleges that, at the time he was re-detained by immigration officials, he had no criminal convictions and that "all [criminal] charges were dismissed in their entirety following judicial review and motion practice."  Doc. 1 at 8.  In response, respondents provide police reports and a criminal complaint against petitioner, but they fail to rebut petitioner's assertion that the state charges were dismissed.  *See* Doc. 9.  In reply, petitioner provides documents including the state court orders dismissing the charges against petitioner upon motion of the deputy district attorney in the interest of justice.  *See* Doc. 10-1 at 84–85.  The state court orders are dated on or before February 3, 2026, which predates petitioner's re-detention by immigration officials.

While section 1226(c)(1)(E) requires the detention of "any alien" who "is inadmissible

---

[1] Respondents also argue that petitioner should be required to exhaust administrative remedies by requesting a *Matter of Joseph* hearing before an immigration judge to challenge his detention under § 1226(c).  Doc. 9 at 7–9.  In response, petitioner argues that the government raised mandatory detention under § 1226(c) for the first time during the course of this litigation and thus petitioner could not be required to exhaust that administrative remedy.  *See* Doc. 10 at 2.  Because respondents also argue that petitioner is also subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2), exhaustion of administrative remedies would be futile and therefore, the Court waives prudential exhaustion.  *See Lopez Lopez v. Warden*, No. 1:26-CV-03556-DAD-CKD (HC), 2026 WL 1346694, at *1 n.1 (E.D. Cal. May 14, 2026) (waiving exhaustion requirement as futile were the government argued that petitioner should be required to exhaust administrative remedies by requesting a *Matter of Joseph* hearing while maintaining that petitioner was subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A)).

under paragraph (6)(A), (6)(C), or (7)" of 8 U.S.C. § 1182(a) and "is charged with, is arrested for, [or] is convicted of, . . . any crime that results in death or serious bodily injury to another person[,]" 8 U.S.C. § 1226(c)(1)(E), this provision ceases to apply when charges are dropped or dismissed. *See, e.g.*, *Singh v. Wofford*, No. 1:26-CV-01161-KES-EPG (HC), 2026 WL 972547, at *2 (E.D. Cal. Apr. 10, 2026); *Helbrum v. Williams Olson*, No. 4:25-CV-00349-SHL-SBJ, 2025 WL 2840273, at *5–7 (S.D. Iowa Sept. 30, 2025); *Rueda Torres v. Francis*, 25 Civ. 8408, 2025 WL 3168759, at *5–6 (S.D.N.Y. Nov. 13, 2025); *Sidqui v. Almodovar*, No. 25-CV-9349 (VSB), 2026 WL 251929, at *12 (S.D.N.Y. Jan. 30, 2026). Section 1226(c)(1)(E)(ii) "requires detention of a person who 'is charged with' one of the enumerated offenses[.]" *Helbrum*, 2025 WL 2840273, at *5. "After charges are dismissed, it is no longer accurate to say that a person 'is charged with' [an enumerated offense] (present tense)." *Id*., at *1. The statute's "use of the present tense is conspicuous and important." *Id.* at *5 (citing *Stanley v. City of Sanford*, 145 S. Ct. 2058, 2063 (2025) ("'[T]o ascertain a statute's temporal reach,' this Court has 'frequently looked to Congress' choice of verb tense.")). "By using the present tense, § 1226(c)(1)(E)(ii) establishes that detention is mandatory only so long as the charges either remain pending or are resolved in a way that triggers one of the other clauses of the statute[,]" such as by a conviction. *Id.* at *5–6.

Respondents have not rebutted petitioner's allegations he has not been convicted of a criminal offense and that there are no pending criminal charges against him. Moreover, petitioner has provided additional evidence in the form of state court orders indicating that criminal charges against petitioner were dismissed. Accordingly, § 1226(c)(1)(E) does not presently govern petitioner's detention. Respondents do not identify any other factual distinctions between this case and the Court's prior decisions.[2] *See* Doc. 9.

Respondents also argue that, if the Court grants the petition, the appropriate remedy should be a post-deprivation bond hearing where petitioner bears the burden of showing that he is

---

[2] Respondents also challenge petitioner's allegations that he has complied with the conditions of his release. *See* Doc. 9. But respondents only argue that they have no record of requirements that petitioner could have met, *see id.* at 2, 10, and do not provide any documentation to establish what requirements petitioner should have met but failed to meet. *See id.*

not a danger or flight risk. *Id.* at 10–11. But when a noncitizen has previously been released following a determination that he is not a flight risk or danger to the community, and then is subsequently re-detained, due process requires a bond hearing at which the government bears the burden of proving that the noncitizen is a flight risk or danger to the community by clear and convincing evidence. *See, e.g.*, *Chateauneuf v. Chestnut*, No. 1:26-CV-01073-DC-JDP (HC), 2026 WL 523695, at *5 (E.D. Cal. Feb. 25, 2026) ("Where a noncitizen had previously been released from ICE detention, indicating ICE determined the noncitizen was neither a flight risk nor a safety risk to community, this court has found that the government bears the burden of justifying the noncitizen's re-detention without bond . . . ."); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1038 (N.D. Cal. 2025) (same); *Pablo Sequen v. Albarran*, 806 F. Supp. 3d 1069, 1093 (N.D. Cal. 2025) (same).[3]

Courts have required that the burden be on the government because "the immigrant's initial release reflected a determination by the government that the noncitizen is not a danger to the community or a flight risk." *Ortiz Donis v. Chestnut*, No. 1:25-CV-01228 JLT SAB, 2025 WL 2879514, at *15 (E.D. Cal. Oct. 9, 2025). "Since it is the government that initiated re-detention, it follows that the government should be required to bear the burden of providing a justification for the re-detention." *Id.* The Court will therefore order respondents to provide petitioner with a bond hearing where the government bears the burden of proving that petitioner is a flight risk or danger by clear and convincing evidence.

As respondents have not identified any other factual or legal issues in this case that would

---

[3] *Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022) does not foreclose petitioner's due process claim. There, the court upheld § 1226(a)'s procedures as applied at an initial custody determination. As another court explained in a similar case involving a noncitizen who was released from detention pursuant to § 1226(a) and subsequently re-detained without bond, "[u]nlike the petitioner in *Rodriguez Diaz*, [the petitioner] was initially released" following a finding that he was not a flight risk or danger "and has remained released for years." *Andudia-Carillo v. Albarran*, No. 25-CV-10380-VC, 2025 WL 4479434, at *1 (N.D. Cal. Dec. 17, 2025). "*Rodriguez Diaz* [] does not limit the Due Process rights of those petitioners whom the government had already voluntarily released." *Id.*; *see also Rodriguez Diaz*, 53 F.4th at 1213 ("[W]e do not foreclose all as-applied challenges to § 1226(a)'s procedures" because "[d]ue process is a flexible concept that varies with the particular situation.").

4

distinguish it from the Court's prior decisions in *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025), *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), and *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025), the petition for writ of habeas corpus is GRANTED as to claim two, for the reasons addressed in those prior orders.[4]

Respondents are ORDERED to provide petitioner Vishal Vishal (A-Number: 245-231-852) with a bond hearing before a neutral decisionmaker within fourteen (14) days of the date of this Order. Respondents shall immediately provide petitioner with a copy of this Order and shall provide him with 72 hours' written notice before the bond hearing. At that bond hearing, it is respondents' burden to demonstrate by clear and convincing evidence that petitioner is a flight risk or danger to the community. If respondents do not provide petitioner with a bond hearing within fourteen days, then respondents must release him.

The Clerk of Court is directed to close this case and enter judgment for petitioner. The Clerk is directed to serve Golden State Annex with a copy of this Order.

IT IS SO ORDERED.

    Dated:    July 1, 2026

_____
UNITED STATES DISTRICT JUDGE

---

[4] The Court need not address petitioner's other claims as petitioner is entitled to the relief he seeks based on the Court's ruling on claim two.

5